# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KELLY SERVICES, INC. and KELLY PROPERTIES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-408-JFB-SRF |
| KELLY & ASSOCIATES FINANCIAL SERVICES, INC.; KELLY & ASSOCIATES INSURANCE GROUP, INC.; and KELLY INTEGRAL SOLUTIONS, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

At Wilmington this **26th** day of **February, 2018,** the court having considered plaintiffs' January 24, 2018 letter submission (D.I. 47), requesting reassignment of the case to another judicial officer because the undersigned judicial officer conducted a confidential mediation with the parties on May 3, 2017, IT IS HEREBY ORDERED that plaintiffs' letter request is DENIED for the following reasons:

**1. Background.** On January 24, 2018, plaintiffs submitted a letter requesting reassignment of the case to another judicial officer because the undersigned judicial officer conducted a confidential mediation with the parties on May 3, 2017. (D.I. 47) Plaintiffs state that they revealed confidential information they would otherwise not have revealed to a judicial officer responsible for handling "substantive matters" in the case. Defendants have not responded to plaintiffs' January 24, 2018 letter request.

**2. Analysis.** The District Judge referred the case to the undersigned judicial officer for

all dispositive and nondispositive matters, but so limited the scope of the referral to exclude summary judgment, *Daubert* motions and pretrial motions *in limine*. Based upon the matters excluded from the scope of the referral, plaintiffs have offered no explanation of what, if any, "substantive matters" remain which would raise concerns for plaintiffs.

**3.** Neither Rule 72 of the Federal Rules of Civil Procedure, nor 28 U.S.C. § 636, use the term "substantive" or "substantive matters." In both, the standard is dispositive and non-dispositive matters.

**4.** Routinely, the district judges on this court refer both mediation and discovery-related issues to the same magistrate judge. Discovery matters and the entry of a scheduling order are not dispositive. Presiding over the pretrial conference does not give rise to dispositive issues in this instance because the referral excludes any motions *in limine*. In addition, the parties have the option of seeking review of any Memorandum Opinions or Reports and Recommendations issued by the undersigned judicial officer, by submitting timely objections to the District Judge pursuant to Fed. R. Civ. P. 72.

**5.** On October 20, 2017, the instant matter was referred to Chief Magistrate Judge Mary Pat Thynge for any further mediation conferences or any other form of alternative dispute resolution ("ADR").

**6.** There is no absolute rule requiring a magistrate judge who has presided over settlement negotiations to recuse herself from presiding over non-dispositive or dispositive matters, including trial. *Ascom Hasler Mailing Sys., Inc. v. United States Postal Service*, 2010 WL 4116858 (D.C. Cir. 2010). A judge is expected "to compartmentalize the information they receive and only rely on evidence relevant for a particular decision." *Id.* at *4. Furthermore, it would be erroneous for a litigant to assume that a judicial officer who conducts numerous

mediations over the course of months and years specifically remembers and retains information that would affect the judicial officer's ability to be fair and impartial when presented with a dispositive or non-dispositive issue at a later time.

**7. Conclusion.** For the foregoing reasons, plaintiffs' letter request (D.I. 47) is denied, and the undersigned judicial officer will continue to handle matters falling within the scope of the referral by the District Judge.

**8.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may file and serve specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The written objections and response are each limited to five (5) pages.

**9.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE